(Rev. 10/2002) Complaint

# UNITED STATES DISTRICT COURT
## Southern District of Florida

Case Number: _____

Harold D. House _____

_____
                    Plaintiff(s)

v.

Andrew Greenbaum, Arnon Bersson, Norm Bersson, David
Bersson, Kadian Preston, Prism Trading Group LLC,
Prism Trading School, LLC _____

_____
                    Defendant(s)

## COMPLAINT

I, __Harold D. House_____ plaintiff, in the above styled cause, sues defendant(s); __Andrew Greenbaum et al_____.

*(Allegation of jurisdiction, i.e., under which federal law or section of the U.S. Constitution this action is being filed)*

This action is filed under: __Contract Law, Defamation and Civil Rights Violations__

_____
_____
_____
_____
_____
_____
_____
_____
_____

(Rev. 10/2002) Complaint

*(Statement of Facts)*

Defendants willfully broke contractor agreement, defamed Plaintiff to other parties, discriminated against plaintiff for reasons of medical handicap and religion.

(Rev. 10/2002) Complaint

*(Relief request, i.e., State what you want the Court to do or award)*

Wherefore, Plaintiff is entitled to payment of fees in the amount of $30,000 with punitive damages to be determined, as well as damages for defamation in the amount of $250,000 and damages to be specified by this Court for discrimination as a result of health and on the basis of a hostile work environment on the grounds of religious practices in the work place.

Signed this 20th day of January, 20 10.

Harold D. House
Printed or typed name of Filer
Pro Se
Florida Bar Number
631-833-1562
Phone Number
56 S. Country Road
Street Address
Westhampton, NY 11977
City, State, Zip Code

Signature of Filer
hdhouse@yahoo.com
E-mail address
631-998-3455
Facsimile Number

UNITED STATES DISTRICT COURT
Southern District of Florida
Case Number:

Plaintiff
Harold D. House, 56 S. Country Road, Westhampton, NY 11977

Vs.

Defendants
Andrew "Avi" Greenbaum, 2385 NW Executive Center Drive, #400, Boca Raton, Fl 33431
Arnon Bersson, 2385 NW Executive Center Drive, #400, Boca Raton, Fl 33431
David Bersson, 2385 NW Executive Center Drive, #400, Boca Raton, Fl 33431
Norm Bersson, 2385 NW Executive Center Drive, #400, Boca Raton, Fl 33431
Kadian Preston, 2385 NW Executive Center Drive, #400, Boca Raton, Fl 33431
Prism Trading Group LLC, 2385 NW Executive Center Drive, #400, Boca Raton, Fl 33431
Prism Trading School LLC, 2385 NW Executive Center Drive, #400, Boca Raton, Fl 33431

I, plaintiff, in the above styled cause, sues defendant(s) for breach of contract, defamation, maintaining a hostile workplace and discrimination based on health.

Jurisdiction and Venue

The jurisdiction is proper in that defendants are individuals residing within the Florida Southern District and the amount sought, along with the allegations are properly within the venue of this court. At the relevant time, Plaintiff was living in Hollywood, Florida, also within this court's jurisdiction.

History

1. Plaintiff came to agreement to work with and for the above cited defendants on June 8, 2009 at their offices in Boca Raton. The agreement was for sub-contracted work helping defendants formulate a business and marketing/advertising plan for Prism Trading Group, a Florida LLC (hereinafter "group").

2. The nature of the agreement was that it was for a specified period of time (six months) and by mutual consent could be extended. The agreement was with Prism Trading Group which was in the business of equity trading. Plaintiff's role was to formulate a plan to attracted traders to join the firm, take instruction with firm personnel whereby enrollees could have positions with the "group" trading private capital.

3. A second entity, Prism Trading School LLC (hereinafter "school") was formed in Florida in July of 2009 as Prism Trading Group was operating in coordination with Dimension Trading and thus under the scrutiny of FINRA (formerly the NASD) and the Securities and Exchange Commission. For purposes of regulation, the "school" was formed so to keep the entities separate from one another.

4. An initial application for recognition for the "school" was submitted in July of 2009 concurrent with the formulation of the school as an LLC. Plaintiff was ordered to formulate the parts of the application save the "curriculum of instruction" which was being written by the defendants. The application was submitted and all parties were aware that there would be opportunity during the ensuing weeks and months to revise or otherwise clarify the application as that was the normal process. The application was therefore revised on several occasions and the Plaintiff was excluded from any further role . Plaintiff removed himself from the application as a result.

5. On or about November 20, 2009, Plaintiff was informed that the agreement was going to naturally expire on December 8, 2009 and would not be renewed unless the defendant Prism Trading School, LLC, for whom Plaintiff performed most of the work, would be granted a license to operate as an independent school under the Florida Education Commission, said application being in process with a review date for the application on or about middle February, 2010.

6. Plaintiff was told at the November meeting that his fee ($15,000/mo) would be paid though December and was assured that the reason for the discontinuation of services was that the school application was delayed and there was, essentially, no work to be performed as a result.

7. Plaintiff became ill over the course of October, 2009 and although never missing a day of work, was eventually hospitalized with a severe onset of diabetes type 2. Upon return to work after emergency hospitalization, Plaintiff was excluded from all marketing meetings and generally excluded from the ongoing discussions regarding the firm.

8. The defendants are deeply religious persons and there were religious observances held at the office. Plaintiff was asked to join in on several occasions but declined as Plaintiff explained that he wasn't Jewish and certain defendants had assumed that Plaintiff was of the faith. The vast majority of the office was Jewish.

9. On or about December 3, defendants were given invoices from a vendor for materials ordered by others on the staff. Plaintiff was accused of not notifying defendants of these invoices when in fact, copies were put in the "pay" file on 2 occasions. Further, Plaintiff did not order the items and they were presented to defendants by others on the staff during regular meetings in July. The vendor and

Plaintiff had a long standing business relationship which was materially effected by non-payment.

10. On December 8, Plaintiff's last day of work, the vendor called the offices requesting payment. The defendants put the vendor on hold but failed to hit the mute button on the phone. The vendor overheard comments made by certain defendants about plaintiff, his age, his illness and physical appearance, work ethic and so forth.

11. Plaintiff asked on repeated occasions for his November pay and then when December's pay was not provided, for that as well. All attempts were rebuffed.

First Cause of Action – Non-payment

12. Plaintiff reaffirms each of the preceding paragraphs as if written here verbatim.

13. Defendants owe Plaintiff for work performed as part of an agreement in November and December.

14. The withholding of compensation due is willful and intentional and caused Plaintiff great hardship.

15. Plaintiff demands $30,000 plus late fees and damages as to the discretion of the court.

Second Cause of Action – Defamation

16. Plaintiff reaffirms each of the preceding paragraphs as if written here verbatim.

17. Defendants have made defamatory comments to third parties regarding Plaintiff.

18. Said comments were highly derogatory and have interfered with Plaintiff's business.

19. Plaintiff seeks damages of $250,000 as a result.

Third Cause of Action – Discrimination

20. Plaintiff reaffirms each of the preceding paragraphs as if written here verbatim.

21. Many of the defamatory comments centered around Plaintiff's diabetes.

22. Plaintiff's health issues were a contributory reason for his sudden and unjustified removal from the day to activities surrounding his employment. As such, this discrimination on the basis of health prevented Plaintiff from effectively performing his duties as contracted.

23. Diabetes is a long held health condition subject to workplace laws governing discrimination.

24. Plaintiff is therefore entitled to damages to be specified by this Court.

Fourth Cause of Action – Religious Discrimination

25. Plaintiff reaffirms each of the preceding paragraphs as if written here verbatim.

26. Defendants, on many occasions, brought religious practices into the workplace and, Plaintiff, not being Jewish was the subject of a hostile work environment as a result.

27. Plaintiff therefore seeks damages as a result of this hostile work environment due to religious practices as to be determined by this Court.

THEREFORE,

Plaintiff is entitled to payment of fees in the amount of $30,000 with punitive damages to be determined, as well as damages for defamation in the amount of $250,000 and damages to be specified by this Court for discrimination as a result of health and on the basis of a hostile work environment on the grounds of religious practices in the work place.

Dated: January 20, 2010
Boca Raton, Florida

BY _____
Harold D. House
Plaintiff Pro Se
56 S. Country Road
Westhampton, NY 11977
631-998-3455 (p/f)
hdh@opusonemedia.com

AFFIRMATION OF SERVICE

I, Harold D. House, hereby affirm that I have placed a true copy of this summons and complaint in the care of the United States mail with proper postage affixed, and mailed such within the State of _____ to:

Andrew "Avi" Greenbaum, 2385 NW Executive Center Drive, #400, Boca Raton, Fl 33431
Arnon Bersson, 2385 NW Executive Center Drive, #400, Boca Raton, Fl 33431
David Bersson, 2385 NW Executive Center Drive, #400, Boca Raton, Fl 33431
Norm Bersson, 2385 NW Executive Center Drive, #400, Boca Raton, Fl 33431
Kadian Preston, 2385 NW Executive Center Drive, #400, Boca Raton, Fl 33431
Prism Trading Group LLC, 2385 NW Executive Center Drive, #400, Boca Raton, Fl 33431
Prism Trading School LLC, 2385 NW Executive Center Drive, #400, Boca Raton, Fl 33431

Dated: January ___, 2010
Boca Raton, Florida

BY  _____
Harold D. House
Plaintiff Pro Se
56 S. Country Road
Westhampton, NY 11977
631-998-3455 (p/f)
hdh@opusonemedia.com