UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

Case No.: 10-CV-80073-RYSKAMP/VITUNAC

HAROLD D. HOUSE,

    Plaintiff,

v.

ANDREW GREENBAUM, et al.,

    Defendants.

_____/

## ORDER ADMINISTRATIVELY CLOSING CASE

**THIS CAUSE** comes before the Court *sua sponte*. No activity has occurred in this case since United States Magistrate Judge Ann E. Vitunac denied without prejudice Mr. House's motion for leave to proceed *in forma pauperis*. In that order, Magistrate Judge Vitunac denied Mr. House's motion to proceed *in forma pauperis* because she found Mr. House's complaint to be frivolous due to his failure to allege facts necessary to establish this Court's subject matter jurisdiction over the action. Mr. House has not filed an amended complaint to date.

    "A district court has inherent authority to manage its own docket 'so as to achieve orderly and expeditious disposition of cases." *Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 56 F.3d 1232, 1240 (11th Cir. 2009) (quoting *Chambers v. Nasco, Inc.*, 501 U.S. 32, 43 (1991)). This authority includes the power to dismiss a case for failure to prosecute. *Id.*; *see also Hyler v. Reynolds Metal Co.*, 434 F.2d 1064, 1065 n.1 (5th Cir. 1970) ("It is well settled that a district court has inherent power to dismiss a case for failure to prosecute . . ..").

The Court notes that no complaint is currently pending in this action. In an effort to maintain an orderly docket, the Court finds that closure of this case is appropriate. Mr. House is, of course, free to move to re-open this case should he so desire. It is hereby

**ORDERED AND ADJUDGED** that the Clerk of Court administratively **CLOSE THIS CASE** for lack of prosecution.

**DONE AND ORDERED** in Chambers at West Palm Beach, Florida this 7 day of May, 2010.

KENNETH L. RYSKAMP
UNITED STATES DISTRICT JUDGE